IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RUTH OCZKO,** | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. |
| **CHICAGO BOARD OF EDUCATION,** | ) FILED: AUGUST 18, 2008 ) 08CV4688 ) |
| Defendant. | ) JUDGE ASPEN ) MAGISTRATE JUDGE ASHMAN ) JH |

## COMPLAINT AND JURY DEMAND

Now comes Plaintiff, Ruth Oczko ("OCZKO"), by and through her undersigned attorney, Josh Friedman, and for her complaint against Defendant Chicago Board of Education ("Defendant"), states as follows:

1. This is an action for damages and other relief against Defendant arising out its interference with OCZKO's rights under the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* (the "FMLA").

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this court pursuant to 28 U.S.C. § 1391 as the events giving rise to the claim alleged herein occurred in this judicial district and the defendant resides in this judicial district.

4. At all times relevant hereto, OCZKO resided in this judicial district.

5. Defendant is an entity owned and operated by the City of Chicago, Illinois and is located within this judicial district.

6. At all times relevant hereto, OCZKO was employed by Defendant as a teacher in the Chicago Public School System and performed her job to her employer's satisfaction.

7. At all times relevant hereto, Defendant was an employer covered under the FMLA.

8. At all times relevant hereto, OCZKO was an employee covered under the FMLA.

9. On or about October 24, 2006, OCZKO requested an FMLA leave from her position at Kennedy King High School for the birth of her child.

10. The FMLA leave OCZKO requested was scheduled to run from on or about November 7, 2006 through on or about January 27, 2007.

11. At the time that OCZKO sought leave under the FMLA, she had been employed by Defendant for more than 12 months.

12. Within the 12-month period before OCZKO sought leave under the FMLA, OCZKO had worked for Defendant for more than 1,250 hours.

13. At the time OCZKO requested her FMLA leave, she was an eligible employee as that term is defined under the FMLA.

14. OCZKO complied with all certification and notice requirements for her FMLA leave as she was advised to do by Defendant, and her leave was approved by Defendant on or about October 24, 2006.

15. OCZKO commenced her leave on or about November 7, 2006.

16. On or about January 29, 2007, OCZKO returned to Kennedy King High School in order to prepare for her return to work upon the termination of her FMLA leave.

17. On or about January 29, 2007, OCZKO was advised by numerous personnel at the school, including the principal, that she had been terminated from her employment with defendant and that she would not be returned to her prior position.

18. Defendant interfered with OCZKO's rights under the FMLA by refusing to reinstate her to her position, or an equivalent one, at the end of her FMLA leave, in violation of 29 U.S.C. § 2615(a)(1).

19. Defendant committed discrimination against OCZKO under the FMLA by discharging OCZKO in retaliation for her taking leave, in violation of 29 U.S. § 2615(a)(2), as similarly situated teachers who did not take FMLA were not discharged from their positions.

20. As a direct an proximate result of Defendant's aforementioned violations of the FMLA, OCZKO has sustained damages including but not limited to lost wages, benefits and other compensation, the loss of her tenured position, and future employment opportunities resulting therefrom, including promotions and raises.

**WHEREFORE,** plaintiff OCZKO prays that this Court enter judgment in her favor and against Defendant and award OCZKO the following relief:

    A.    All wages, benefits, and other compensation lost by OCZKO as a result of Defendant's denial of her rights under the FMLA, interest on the foregoing amount at the prevailing statutory rate, and liquidated damages equal to the foregoing amount;

    B.    Equitable relief, including but not limited to reinstatement and promotions; and

      C.      Reasonable attorneys' fees, costs, and such other and further relief as to this Court shall deem just and equitable.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

            RESPECTFULLY SUBMITTED,

            RUTH OCZKO


            By:    /s/Josh Friedman_____

            Her attorney


JOSH M. FRIEDMAN
Law Offices of Josh M. Friedman
53 West Jackson Blvd., Suite 840
Chicago, Illinois 60604
(312) 886-0277
Illinois A.R.D.C. No. 6220313
Attorney for Plaintiff